IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SYLVIA CEPEDA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| EMERALD CORRECTIONAL § | |
| MANAGEMENT, LLC, § | |
| WEST TEXAS DETENTION § | No. 3:18-cv-00150-PRM |
| FACILITY CORPORATION a/k/a § | |
| WEST TEXAS DETENTION FACILITY § | |
| located at 401 South Vaquero Avenue, § | |
| Sierra Blanca, Texas 79851, and § | |
| LASALLE MANAGEMENT COMPANY, § | |
| LLC d/b/a LASALLE CORRECTIONS § | |
| a/k/a WEST TEXAS DETENTION § | |
| FACILITY located at 401 South Vaquero § | |
| Avenue, Sierra Blanca, Texas 79851, § | |
| § | |
| Defendants. § | |

## **PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

COMES NOW SYLVIA CEPEDA ("Plaintiff") complaining of EMERALD CORRECTIONAL MANAGEMENT, LLC, WEST TEXAS DETENTION FACILITY CORPORATION a/k/a WEST TEXAS DETENTION FACILITY located at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851, and LASALLE MANAGEMENT COMPANY, LLC d/b/a LASALLE CORRECTIONS a/k/a WEST TEXAS DETENTION FACILITY located at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851 ("Defendants") and for a cause of action would respectfully show the Court as Follows:

1

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen of the United States and a resident of El Paso, Texas. She is an eligible employee within the meaning of the FMLA. 29 U.SC § 2611. Plaintiff has been subjected to unlawful employment practices committed within the State of Texas.

2. Defendant EMERALD CORRECTIONAL MANAGEMENT, LLC, is a Louisiana corporation doing business in Sierra Blanca, Texas has been served with process through their registered agent, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, or any other authorized officer or agent therein 211 E. 7th Street, Suite 620, Austin, Texas 78701, has appeared in the state court suit and no further service of process is necessary.

3. Defendant WEST TEXAS DETENTION FACILITY CORPORATION a/k/a WEST TEXAS DETENTION FACILITY located at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851, is a Louisiana corporation doing business in Sierra Blanca, Texas has been served with process by serving its Warden Mike Sheppard, or any other authorized officer or agent therein at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851, and has appeared in this suit by filing its consent to removal and no further service of process is necessary.

4. Defendant LASALLE MANAGEMENT COMPANY, LLC, d/b/a LASALLE CORRECTIONS a/k/a WEST TEXAS DETENTION FACILITY located at 401 South Vaquero Avenue, Sierra Blanca Texas 7985 is believed to be a Louisiana Corporation doing business in Sierra Blanca, Texas. As this lawsuit arises from Defendant's business in Texas, and it neither designated nor maintains a registered agent for service of process in Texas, it is deemed to have appointed the Secretary of State as its agent. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, 1019 Brazos, Travis County, Texas

78701, who shall then forward a copy of this petition upon Defendant's by serving its registered agent WILLIAM K. MCCONNELL, or any authorized officer or agent therein at 192 Bastille, Suite 200, Ruston, LA 71270 or whereever may be found, and has appeared in the suit and removed the case and no further service of process is necessary.

     5.     Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff has sued the entity or entities, whether it/they be a partnership, unincorporated association, private corporation, or individual doing business, in whole or in part, under the assumed and/or common name of "WEST TEXAS DETENTION FACILITY" (or other similar words) at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851, who was the Plaintiff's actual employer at the time of her discharge.

     6.     This Court appears to have subject matter jurisdiction pursuant to section 2617(a)(2) of the FMLA (which provides for concurrent jurisdiction in a state court for actions arising under the FMLA) and 28 U.S.C. §§ 1446(a) and 1441(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the parties. Venue appears proper pursuant to 28 U.S.C. 1441(a) because the action was removed from the 243rd Judicial District Court, El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

## II.  CAUSES OF ACTION UNDER THE FMLA

     7.     This is a proceeding authorized by and instituted pursuant to the Family & Medical Leave Act of 1993 (FMLA). 29 U.S.C. §2601, *et seq*. It is brought to prevent Defendants from denying, restraining or otherwise interfering with the rights guaranteed to Plaintiff by the FMLA Act, and to recover damages and other relief authorized by section 2617(a) of the FMLA. 29 U.S.C §2617(a).

8. It is unlawful under the FMLA for an employer "to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided under this subchapter," and "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this sub-chapter." 29 U.S.C. § 2615. Plaintiff would show that Defendants violated the FMLA with respect to her in the following and other respects:

    (a) by firing her on or about December 20, 2016, without providing her the leave entitlement guaranteed by the FMLA because of her own serious health condition;

    (b) by interfering with, restraining or denying plaintiff's exercise or her attempts to exercise her rights provided by the FMLA;

    ( c) by discriminating and or otherwise retaliating against her in violation of the FMLA.

9. The above acts and conduct of Defendants violated Plaintiff's federally-protected rights under the FMLA. Defendants are liable for the acts of their supervisors and employees, for damages suffered by Plaintiff under principles of *respondeat superior* and agency, and the above-described acts and conduct of Defendants constitute willful and intentional interference, discrimination, and/or retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Defendants are jointly and severally liable under doctrines of agency, actual and/or apparent authority, contractual agency, civil conspiracy, joint enterprise, and alter ego/piercing the corporate veil.

10. All conditions precedent to the filing of this action have occurred or have been fulfilled.

### III. DAMAGES

11. Plaintiff realleges the foregoing paragraphs.

12. At the time of her discharge, Plaintiff was an employee of Defendants. Plaintiff was earning approximately $746.40 per week plus employment benefits.

13. After her discharge from the employment of Defendants, Plaintiff used reasonable diligence to find another comparable job and is still unable to do so.

14. As a result of Plaintiff being unlawfully discharged from the employment of Defendants in violation of the FMLA, Plaintiff has lost the sum of $746.40 in wages per week. Plaintiff has also lost employment benefits. Plaintiff has suffered mental anguish and emotional distress in the past and will continue to suffer mental anguish and emotional distress in the future. Plaintiff has suffered damage to her credit reputation and will continue to suffer damage to her credit reputation. Plaintiff is entitled to recover these sums as damages and seeks to recover all damages as provided under the FMLA and by law.

15. Plaintiff would show that Defendant acted with malice. Specifically, Defendant had a specific intent to cause substantial injury to the Plaintiff when it terminated Plaintiff. Defendant's actions in discharging Plaintiff from its employ, was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover punitive damages.

16. Plaintiff seeks attorney's fees as provided under the FMLA and by law.

## IV. JURY DEMAND

17. Plaintiff requests trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, jointly and severally, for costs, pre-judgment and post judgment interest, punitive damages, reinstatement, and for such other relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100
(915) 532-1759 (Facsimile)
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2018, a true and correct copy of the foregoing was served by email through the ECF filing system and by certified mail, return receipt requested, to the following:

Marvin C. Moos
Horne Rota Moos, LLP
2777 Allen Parkway, Suite 1200
Houston, Texas 77019
(713) 333-4600 – fax
mmoos@hrmlawyers.com
*Attorneys for Defendant LaSalle Management Company, LLC*
*d/b/a LaSalle Corrections a/k/a West Texas Detention Facility*

Mark. A. McNitzky
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas 78205
*Attorneys for Defendant Emerald Correctional Management, LLC*

Sheriff, Arvin West, Director
Director for Defendant West Texas Detention Facility Corporation
525 N. Wilson
Sierra Blanca, Texas 79951
*Representative for Defendant West Texas Detention Facility Corporation a/k/a West Texas Detention Facility located at 401 South Vaquero Avenue, Sierra Blanca, Texas 79851*

    */s/ Oscar Mendez, Jr.*
    **Oscar Mendez, Jr.**